**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:20-CV-00105-HBB**

**TROY FAUGHT**                                                                              **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION[1]**                              **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Troy Faught ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 14) and Defendant (DN 20) have filed a Fact and Law Summary.   For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and that judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).   By Order entered February 11, 2021 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

FINDINGS OF FACT

On September 19, 2017, Plaintiff protectively filed applications for Disability Insurance

Benefits and Supplemental Security Income (Tr. 15, 214-20, 221-28).   Plaintiff alleged that he

became disabled on April 1, 2017, as a result of lumbar 5, neck spurs, blurriness in eyes, headaches,

cataracts in both eyes, high blood pressure, high cholesterol, depression, and anxiety (Tr. 15,

81-82, 94-95, 110, 124, 236).   Plaintiff's applications were denied at the initial level on March

16, 2018, and at the reconsideration level on June6, 2018 (DN 93, 106, 107, 108, 122, 136, 137,

138).   Plaintiff then filed a written request for an administrative hearing on July 20, 2018 (Tr.

167).

On March 28, 2019, Administrative Law Judge David Peeples ("ALJ") conducted a video

hearing from Paducah, Kentucky (Tr. 31).   Plaintiff and his counsel, Sarah Martin-Diaz,

participated from Owensboro, Kentucky (Id.).   Tina Stambaugh, an impartial vocational expert,

testified during the hearing (Id.).

In a decision dated May 24, 2019, the ALJ evaluated this adult disability claim pursuant to

the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-23).   At the

first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 1,

2017, the alleged onset date (Tr. 18).   At the second step, the ALJ determined that Plaintiff has

the following severe impairment: degenerative disc disease (Id.).   The ALJ also determined that

Plaintiff has the following non-severe impairments: history of vision problems (blurriness and

cataracts); injuries sustained in a motor vehicle accident on December 28, 2018; history of high

blood pressure; history of high cholesterol; cardiovascular disorder; respiratory disorder;

depression; and anxiety (Tr. 18-19).   At the third step, the ALJ concluded that Plaintiff does not

have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work because he can: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours of an eight-hour workday; sit for six hours of an eight-hour workday; push and pull as much as he can lift and carry; frequently climb ramps and stairs; never climb ladders, ropes, and scaffolds; and frequently stoop, kneel, crouch, and crawl (Tr. 20).   Additionally, at step four, the ALJ considered the vocational expert's testimony indicating—with the above RFC—Plaintiff would still be able to perform his past relevant work as a packing line worker as actually and generally performed (Tr. 22-23, 75-76).   The ALJ found that Plaintiff is capable of performing his past relevant work as a packing line worker because this work does not require the performance of work-related activities precluded by Plaintiff's RFC (Tr. 22).   Therefore, the ALJ concluded that Plaintiff has not been under a disability, as defined by the Social Security Act, from April 1, 2017, through the date of the decision (Tr. 22-23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 212-13).   The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw

v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence

exists when a reasonable mind could accept the evidence as adequate to support the challenged

conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695

(quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In

reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve

conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human

Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984)).

    As previously mentioned, the Appeals Council denied Plaintiff's request for review of the

ALJ's decision (Tr. 1-3).   At that point, the ALJ's decision became the final decision of the

Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality

of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C.

§ 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996);

Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

    The Social Security Act authorizes payment of Disability Insurance Benefits and

Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term

"disability" is defined as an:

> [I]nability to engage in any substantial gainful activity by reason of
> any medically determinable physical or mental impairment which
> can be expected to result in death or which has lasted or can be

> expected to last for a continuous period of not less than twelve (12)
> months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923

(6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential

evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general,"

20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

<u>Finding No. 5</u>

1.  Arguments of the Parties

Plaintiff makes three challenges to the RFC determination set forth in Finding No. 5

(DN 14-1 PageID # 1183-98).   First, Plaintiff contends that the ALJ's assessment of his

testimony—about the degree of neck, back, and radicular pain caused by her degenerative disc disease—is insufficient and not supported by substantial evidence and has directly resulted in an RFC that is inaccurate (Id. at PageID # 1183-93).   Next, Plaintiff asserts that substantial evidence does not support the ALJ's RFC determination that he can perform light work (Id. at PageID # 1193-96).   Finally, Plaintiff argues an RFC determination limiting him to sedentary or less work would have been supported by substantial evidence and led to a Grid Ruling of "disabled" at step five (Id. at PageID # 1197-98).

Defendant argues that the ALJ appropriately considered the medical evidence, the medical opinions in the record, and determined that Plaintiff could perform a range of light work (DN 20 PageID # 1216-21) (citing Tr. 18-22).   Defendant points out that the ALJ properly considered the type and efficacy of treatment Plaintiff received, treatment records indicating a positive response to medications, findings on diagnostic imaging, findings on physical examination (Id. at PageID # 1217-21).   Defendant asserts that the medical opinions of the consultative examiner and the two State agency medical consultants generally support the ALJ's RFC (Id. at PageID # 1221).   For these reasons, Defendant contends that substantial evidence supports the ALJ's RFC determination (Id. at PageID # 1222-24).   Further, the treatment notes referenced by Plaintiff do not set forth a medical opinion concerning limitations, rather the memorialize Plaintiff's own subjective complaint that his pain "moderately limits activities" (Id. at PageID # 1223) (citing Tr. 364, 373, 377, 662, 672, 677, 682, 703, 907, 913, 918).

2.   Applicable Law

The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§ 404.1545(a),

404.1546(c), 416.945(a), 416.946(c).   The Administrative Law Judge makes this finding based

on a consideration of medical source statements and all other evidence in the case record.   Id. §§

404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416,945(a)(3), 416.946(c).   Thus, in making the

RFC finding the Administrative Law Judge must necessarily evaluate the persuasiveness of the

medical source statements in the record and assess the claimant's subjective allegations.   Id. §§

404.1520c, 404.1529(a), 416.920c, 416.929(a).   Because Plaintiff filed his applications after

March 27, 2017, the new regulations for evaluating medical opinions are applicable to his case.

See id. §§ 404.1520c, 416.920c.

The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary

weight, including controlling weight, to any medical opinion(s) or prior administrative medical

finding(s),"[2] in the record, even if it comes from a treating medical source.   Id. §§ 404.1520c(a),

416.920c(a).   This language indicates that the new regulations have done away with the

controlling weight rule set forth in §§ 404.1527(c)(2) and 416.927(c)(2).   Instead, Administrative

Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative

medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the

regulation.   Id. §§ 404.1520c(a) and (b), 416.920c(a) and (b).   The five factors are supportability,

consistency, relationship with the claimant, specialization, and other factors.   Id.

§§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[3]   Of these five factors, the two most important are

---

2 At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."   20 C.F.R. §§ 404.1513a(a)(1),416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.   20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

3 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship,

supportability and consistency.   Id. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2).   Further,

the regulation requires Administrative Law Judges to explain how they considered the

supportability and consistency factors in determining the persuasiveness of the medical source's

opinion.   Id. §§ 404.1520c(b)(2), 416.920c(b)(2).   Notably, under the regulations Administrative

Law Judges "may, but are not required to, explain how" they considered the three other factors in

determining the persuasiveness of the medical source's opinion.   Id. §§ 404.1520c(b)(2),

416.920c(b)(2).

        A claimant's statement that he is experiencing pain or other symptoms will not, taken

alone, establish that he is disabled; there must be medical signs and laboratory findings which

show the existence of a medical impairment that could reasonably be expected to give rise to the

pain and other symptoms alleged.   Id. §§ 404.1529(a), 416.929(a).   In determining whether a

claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan

v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies.   First, the

Administrative Law Judge must examine whether there is objective medical evidence of an

underlying medical condition.   If there is, then the Administrative Law Judge must determine:

"(1) whether objective medical evidence confirms the severity of the alleged pain arising from the

condition; or (2) whether the objectively established medical condition is of such severity that it

can reasonably be expected to produce the alleged disabling pain."   Id.   When, as in this case, the

reported pain and other symptoms suggest an impairment of greater severity than can be shown by

objective medical evidence, the Administrative Law Judge will consider other information and

---

and examining relationship.   20 C.F.R. § 404.1520c(c)(3)(i)-(v).

factors which may be relevant to the degree of pain alleged.   20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

>    3.   Discussion

In his first challenge to the RFC, Plaintiff claims that his testimony expressed limitations regarding his degenerative disc disease which should have resulted in a sedentary or less than sedentary RFC and a favorable GRID Ruling at step five (DN 14-1 PageID # 1183-85).   Plaintiff faults the ALJ for considering factors such as whether Plaintiff's degenerative disc disease recently required neurosurgery, whether his treatment was "conservative," whether he had a "positive" response to medication management, and whether the "objective physical examination findings have not been overly remarkable on a consistent basis" (Id. at PageID # 1186-88, 1191-2) (citing Tr. 21).   Plaintiff also accuses the ALJ of making inappropriate speculative inferences from the 2019 MRI of his lumbar spine, the 2018 CT scan of his cervical spine, and examination findings indicating full grip strength, normal gait and coordination, and negative straight leg tests (Id. at PageID # 1189-91) (citing Tr. 21).

As explained above, Plaintiff's statement that he is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged.   Id. §§ 404.1529(a), 416.929(a).   In the discussion that follows Finding No. 5, the ALJ accurately summarized Plaintiff's subjective statements regarding the degenerative disc disease, the medical evidence related thereto, and medical opinions concerning the condition (Tr. 20-22).   See 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p.   The ALJ, in compliance with applicable law, examined the evidence in the record and

determined that the objective medical evidence did not confirm that the condition was of such severity that it could reasonably be expected to produce the pain and other symptoms claimed by Plaintiff (Id.).   *See* Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). Because the reported pain and other symptoms suggested an impairment of greater severity than could be shown by the objective medical evidence, the ALJ appropriately considered other information and factors that may be relevant to assessing Plaintiff's pain and other symptoms (Id.). *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

For example, the ALJ properly considered whether there were any inconsistencies in the evidence and the extent to which there are any conflicts between Plaintiff's statements and the rest of the evidence in the record, including the fact that the diagnostic findings and objective physical examination findings were not overly remarkable on a consistent basis (Id.).   *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); Horton v. Comm'r of Soc. Sec., 2:18-CV-13911, 2020 WL 1818043, at *8-9 (E.D. Mich. Feb. 14. 2020).   Contrary to Plaintiff's assertion, the ALJ appropriately considered the positive response to prescribed medication and the conservative treatment received (Id.).   *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); McKenzie v. Comm'r of Soc. Sec., 215 F.3d 1327, 2000 WL 687680, at *4 (6th Cir. May 19, 2000) (unpublished opinion) ("Plaintiff's complaints of disabling pain are undermined by his non aggressive treatment."); Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 638–39 (6th Cir. 2016) (ALJ was entitled to consider plaintiff's relatively conservative treatment in analyzing her subjective complaints); Eddy v. Comm'r of Soc. Sec., 506 F. App'x 508, 509 (6th Cir. 2012) (ALJ properly considered that treatment had stabilized or improved a claimant's condition).   The ALJ's

conclusion—Plaintiff did not suffer symptoms to the extent he testified—is supported by substantial evidence and comports with the law.

Certainly, the ALJ is not qualified to interpret raw medical data in terms of functional limitations.  *See* <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functioning terms and no medical opinion supported the determination.").   But, contrary to Plaintiff's accusation, there is no indication the ALJ did that here.   Instead, the ALJ merely summarized what the MRI scans and a CT scan reports indicated as to Plaintiff's lumbar and cervical spine (Tr. 21).   The ALJ did the same thing for the objective physical examination findings in the record (<u>Id.</u>).   Thus, there is no merit to Plaintiff's accusation that the ALJ interpreted raw medical data in terms of functional limitations.

Plaintiff's next challenge alleges that substantial evidence does not support the ALJ's RFC determination that Plaintiff can perform light work.   Plaintiff primarily takes issue with the ALJ's "broad and conclusory" basis for finding that the medical opinion of Dr. P. Saranga, a non-examining State agency medical consultant, was "generally persuasive" (DN 14-1 PageID # 1193-96).   Plaintiff also asserts that the ALJ should have obtained another consultative examination instead of acting as his own medical expert and making the RFC determination (<u>Id.</u>).

In pertinent part, the ALJ's decision reads:

> As for the remaining medical opinion evidence and prior administrative medical findings of record, the undersigned notes that Exhibit 5F shows that medical consultative examiner Marc A. Paranzino, D.O., endorsed no significant work-related limitations, and that Exhibits 5A and 6A show that State agency medical consultant B. Duong, M.D., restricted the claimant to a range of medium work.   These assessments clearly overstate the claimant's

physical capacity, and are determined to be less than persuasive. However, as reflected at Exhibits lA and 2A, State agency medical consultant P. Saranga, M.D., endorsed a range of light work. Dr. Saranga's assessment does not appear entirely unsupported by or inconsistent with the objective medical evidence or the longitudinal treatment history. Therefore, it is determined to be generally persuasive. The undersigned additionally takes note that there are statements in progress notes of record, such as those reflected at Exhibits 3F, 15F, and 21F, which provide that a complaint of the [claimant] moderately limited activities. Any such statement is found to be less than persuasive because it is vague and offers no specific function-by-function analysis of what an individual is able to do in a work setting.

(Tr. 21-22).

The above discussion is consistent with the new regulations because the ALJ evaluated the "persuasiveness" of the medical opinions by utilizing the two most important factors, supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(a) and (b). Further, the ALJ explained how he considered the supportability and consistency factors in determining the persuasiveness of the above medical opinions. *See* id. §§ 404.1520c(b)(2). Contrary to Plaintiff's claim, the ALJ's assessments of the medical opinions from the State agency medical consultants and Dr. Paranzino are supported by substantial evidence in the record and comport with applicable law. Contrary to Plaintiff's assertion, the ALJ appropriately exercised his discretion when he determined the record was adequately developed—no need to obtain another consultative examination—and made the RFC assessment. *See* Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary."). Additionally, the last two sentences in the above paragraph explains why Plaintiff's own subjective complaints—indicating moderately limited activities—was found

less than persuasive.   This explanation is supported by substantial evidence in the record and comports with applicable law.

Finally, Plaintiff argues the ALJ's RFC determination should have limited Plaintiff to sedentary or less work and the ALJ should have made a Grid Ruling of "disabled" at step five (DN 14-1 PageID # 1197-98).   For the reasons set forth above, the ALJ's RFC determination is supported by substantial evidence in the record and comports with applicable law.   The vocational expert's testimony was based on the limitations set forth in the RFC determination and it provided substantial evidence to support the ALJ's step four finding that Plaintiff is capable of performing his past relevant work as a packing line worker as actually and generally performed (Tr. 22, 74, 75-76).   As these findings are supported by substantial evidence in the record and comport with applicable law, Plaintiff's final argument must fail.

For the reasons set forth above, Plaintiff is not entitled to relief on his three challenges to the RFC determination set forth in Finding No. 5.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."   Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).   Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   (Id.).   After reviewing the record, the Court concludes that the

ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to his challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

September 30, 2021

Copies:        Counsel